IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RAYMOND L. SALTSMAN, JR.,**             ) | |
| ) | |
| **Plaintiff,**             ) | |
| ) | 8:05CV238 |
| vs.             ) | |
| ) | **ORDER** |
| **VALMONT INDUSTRIES, INC.,**             ) | |
| ) | |
| **Defendant.**             ) | |

This matter is before the magistrate judge by consent of the parties pursuant to 28 U.S.C. § 636(c). On October 25, 2006, Midwestern Insurance Alliance ("MIA") filed a motion for leave to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). The motion alleges that MIA is the worker's compensation carrier for plaintiff's employer, has made payments to or for the benefit of the plaintiff in an amount exceeding $100,000, and has a lien on the proceeds of any settlement or judgment obtained by Plaintiff in this matter.

### A. Intervention

Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

No response to the motion has been filed. Upon review of the proposed pleading [41], I find that the requirements of Rule 24(a) have been met and will grant MIA's motion for leave to intervene.

### B. Consent

As noted above, the plaintiff and defendant have consented to the exercise of jurisdiction by the magistrate judge, including conducting the trial and entering judgment in this case. Section 636(c) "requires a clear and unambiguous statement in the record of the

affected parties' consent to the magistrate judge's jurisdiction." *J.C. Henry v. Tri-Services, Inc.*, 33 F.3d 931, 933 (8th Cir. 1994). The consent requirement "is the basis of § 636(c)'s constitutionality.... Without clear and unambiguous consent, litigants cannot be deemed to have forfeited their right to proceed in front of an Article III judge." *Harris v. Folk Constr. Co.*, 138 F.3d 365, 369 (8th Cir. 1998). In *J.C. Henry*, a default judgment was entered against Tri-Services. Tri-Services had not yet entered an appearance when the remaining parties agreed to have final judgment determined by a magistrate judge. Since there was no record showing that Tri-Services ratified this agreement, the magistrate judge did not have jurisdiction to enter a judgment affecting Tri-Services. *Id.*

In light of these authorities, the court must require MIA to file a written notice as to whether it consents to the exercise of jurisdiction by the magistrate judge, including conducting the trial and entering judgment in this case. If MIA does not consent, the Order of Referral [23] may be withdrawn and the case returned to the docket of District Judge Laurie Smith Camp.

**IT IS ORDERED:**

1. MIA's MOTION TO INTERVENE [40] is granted. MIA shall file and serve the Complaint in Intervention no later than **December 15, 2006**.

2. On or before **December 15, 2006**, MIA shall file and serve a written notice as to whether it consents to the exercise of jurisdiction by the magistrate judge, including conducting the trial and entering judgment in this case.

**DATED November 21, 2006.**

        **BY THE COURT:**

        s/ F.A. Gossett
        **United States Magistrate Judge**